■ JACOB SCHWARTZ et al., Appellants, et al., Plaintiffs, v. ALASKA INTERNATIONAL CORPORATION, Respondent, et al., Defendant. (Action No. 1.) ALASKA INTERNATIONAL CORPORATION, Plaintiff, v. JACOB SCHWARTZ et al., Defendants. (Action No. 2.) — In two actions: (1) to recover the cash value and interest due on certain debenture bonds issued by the defendant Alaska International Corporation (Action No. 1); and (2) by said corporation to rescind and for the return of said bonds on the grounds of fraud and misrepresentation (Action No. 2), in which, at trial, the parties entered into a stipulation of settlement, certain of the plaintiffs appeal from an order of the Supreme Court, Kings County, entered July 2, 1963 in Action No. 1 upon the findings of a Special Referee to hear and report, which: (1) granted defendants' motion to restrain and enjoin appellants from entering a judgment based upon the terms of said stipulation of settlement; and (2) determined that certificates of stock issued pursuant thereto were free and tradeable within the provisions of section 3 (subd. [a], par. [9]) of the Securities Act of 1933 (U. S. Code, tit. 15, § 77c, subd. [a], par. [9]). Order reversed on the law, with $10 costs and disbursements, and motion granted to the extent of directing the entry of a judgment in favor of the appellants (the action having been settled as to the nonappealing plaintiffs) and against the defendants for $172,440, with interest from November 12, 1959, upon condition that appellants return to the defendants all the stock of the Alaska International Corporation held by the appellants or registered in their names, and that they execute all papers necessary for the transfer of such stock. It is clear from the record that defendant Alaska International Corporation failed to comply with the provisions of the stipulation of settlement. This fact, standing alone, entitled appellants to enter judgment pursuant to the terms of stipulation. There was no inquiry into the intent of the parties to the stipulation to determine whether Alaska's failure to act was contemplated and excusable. In addition, the Special Referee was without

power to decide whether the stocks in question were exempt from registration by reason of section 3 (subd. [a], par. [9]) of the Securities Act of 1933. The Securities and Exchange Commission is the proper agency to decide questions involving enforcement and interpretation of that act. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.